**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 19-cv-01326-LTB-GPG

ALAN DeATLEY TRIBAL MEMBER,

    Applicant,

v.

DEAN WILLIAMS, Executive Director CDOC,
WARDEN JAQUEZ, and
PHIL WEISER, State of Colorado Attorney General

    Respondents.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter comes before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 14.[1] Applicant proceeds *pro se*. The matter has been referred to this Magistrate Judge for recommendation. *See* ECF No. 16.[2] The Court has considered the entire case file, the applicable law, and is

---

[1] "(ECF No. 14)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

1

sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the action be dismissed without prejudice.

**I. Factual and Procedural Background**

Applicant Alan DeAtley is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado. Applicant originated this action by filing a pleading titled, "Petition for Writ of Habeas Corpus," ECF No. 1, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, ECF No. 2, in the United States District Court for the District of Columbia. The action was transferred to this Court on April 17, 2019. The District of Columbia found that it may not entertain a habeas petition involving Applicant's present custody unless the respondent is within its territorial jurisdiction. ECF No. 4 at 1. On May 9, 2019, the Court directed Applicant to submit his habeas petition and his request to proceed pursuant to 28 U.S.C. § 1915 on proper Court-approved forms. *See* ECF No. 7. Applicant complied with the May 9 Order, and the Court granted Applicant leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, *see* ECF No. 12. On June 7, 2019, the Court reviewed the 28 U.S.C. § 2254 Application filed on May 28, 2019, found deficiencies with the May 28 Application, and directed Applicant to amend the Application. *See* ECF No. 13.

Applicant was warned in the June 7 Order that if he failed to file an amended application that complied with the directives in the order the action would be dismissed without further notice. On July 3, 2019, Applicant filed an Amended Application. *See* ECF No. 14. The Amended Application is operative pleading for the purpose of this Recommendation.

For the following reasons the Court finds the July 3 Amended Application does not comply with the June 7 Order and the action should be dismissed.

## II. Legal Standards

The Court must construe the July 3 Amended Application liberally because Applicant is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110.

## III. Analysis

The Court instructed Applicant in the June 7 Order to submit to the Court a clear statement of his claims demonstrating how his federal constitutional rights have been violated. ECF No. 13 at 2. Applicant further was instructed that he must identify the federal constitutional right allegedly violated in each claim and provide the relevant factual allegations from his situation in support of each asserted claim. *Id.* at 3. Finally, Applicant was instructed that prolix, vague, and unintelligible pleadings violate the requirements of Fed. R. Civ. P. 8.

The July 3, 2019 Application is 162 pages long. On Page Five, Applicant states he is challenging the conviction in State of Colorado Criminal Case No. 2010-CR-10309, and that he was convicted on April 12, 2016. *See* ECF 14 at 5. Rather than provide a clear statement of his claims in the F. Statement of Claims section of the Court-approved form, Applicant refers to "Ex-500," *see* ECF No. 14 at 67. Ex. 500 is a copy of the petition that Applicant originally filed in the District of Columbia, and to which he refers to in the May 28, 2019 Application rather than completing the § 2254 Court-approved form. Also, Pages Eighty-Four and Eighty-Five of the July 3 Amended

Application are the pages five and six of the § 2254 Court-approved form.  On Pages Five and Six, Applicant concedes that he has not fairly presented each claim to the state's highest court and that a direct appeal is underway regarding the illegal state action.  ECF No. 14 at 84-85.  Otherwise, the Application is unintelligible.

Applicant also has attached what appears to be transcripts, state court orders, tribal court orders, letters, state court filings, and documents that are captioned as state court orders but are signed by Applicant.  Overall, the Court is unable to decipher what federal constitutional violations Applicant is attempting to challenge regarding State of Colorado Criminal Case No. 2010-CR-10309.

Because Applicant has been given two opportunities to submit his claims in a format that is intelligible and to comply with Rule 8 and Local Rule 5.1(c) of the United States District Court for the District of Colorado Local Rules of Practice , which requires a *pro se* filer to use a Court-approved form to assert claims, a third attempt to amend is not merited.  The instructions in the June 7, 2019 Order to File Amended Application, and in the May 9, 2019 Order to Cure Deficiencies, are clear about what Applicant needs to do to proceed with this action.

The Court further notes that Applicant has submitted proper Court-approved forms both times the Court has directed him to submit his claims on a proper form.  He, however, has failed to complete the forms as the form instructs him to do.

The Court, therefore, concludes that because Applicant has failed to comply with the Court order to amend, the Application should be denied, and the action dismissed.

## IV. Recommendation

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the July 3, 2019 Application, ECF No. 14, be denied, and the action be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a Court order and for failure to prosecute.

DATED July 22, 2019 at Grand Junction, Colorado.

BY THE COURT:

_____

Gordon P. Gallagher
United States Magistrate Judge